Rule accordingly.

———————

RUSSELL HINMAN, by his next friend, &c. agt. ROBERT T. WILSON.

*Facts and circumstances* should be stated in an affidavit to hold to bail; information and belief that defendant is about to depart from the county, &c., is not sufficient. (*See* 1 *Howard's Practice Reports,* 251.)

*December Term,* 1845.

MOTION by defendant to vacate an order of supreme court commissioner, holding defendant to bail.

The defendant was arrested on a capias for assault and battery, and an order of a supreme court commissioner indorsed thereon, requiring him to be held to bail in $500. The defendant's counsel objected to the affidavit holding defendant to bail; that part of the affidavit objected to, stated " that he is informed and believes, that the said Robert T. Wilson is about to depart and leave the county of Greene, his place of residence, and from the above information and other circumstances attending the above assault, this deponent is fearful that unless an order to hold to bail is obtained, the said Robert T. Wilson will leave the county," &c. Defendant's counsel

cited 1 *Howard's Practice Reports*, *p.* 251, showing that *information and belief*, that defendant was about to leave the county, &c., was not sufficient; the *facts and circumstances* should be stated, that the officer might be able to judge from them, whether the defendant was about to leave, &c.

      L. TREMAIN, *defendant's counsel and attorney.*
      G. W. CUMMING, *plaintiff's counsel and attorney.*

JEWETT, Justice. Held the affidavit insufficient for the reasons assigned, and ordered that the order holding defendant to bail be vacated, and that the bail bond given to the sheriff be delivered up with costs, plaintiff to file security for costs, &c.